UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN McCALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:10-cv-00269-HEA |
| · v. | ) | |
| | ) | |
| MONRO MUFFLER BRAKE, INC. d/b/a | ) | |
| AUTOTIRE CAR CARE CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

**MONRO'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT**

Defendant Monro Muffler Brake, Inc., d/b/a Autotire Car Care Center ("Monro"),

pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss with prejudice plaintiff's "First Amended

Class Action Petition" ("the First Amended Complaint" or "FAC"). The First Amended

Complaint – just like the original Complaint – is squarely contradicted by the undisputed

contract documents that plaintiff signed twice before he received the transmission flush. [FAC,

Ex. A-1 & A-2]. A third signed document – the invoice plaintiff received prior to payment –

likewise contradicts the First Amended Complaint. [FAC, Ex. 1]. The patent contradiction

between these documents and the two causes of action asserted[1] warrants a dismissal with

prejudice. In further support, Monro states as follows:

1.      In the First Amended Complaint, plaintiff asserts that "when the [Shop Supply

Fee] is first reasonably called to the attention of the customer," the customer has no choice but to

agree to the Fee, because Monro "already has possession of the customer's car." [FAC, ¶ 13].

---

[1] In Count I, plaintiff prays for a refund of the Shop Supply Fee (or "the Fee"), punitive damages
and attorney fees under the Missouri Merchandising Practices Act ("MMPA"). [FAC, ¶¶ 41-74].
In Count II, he asserts a common law claim for "money had and received." [FAC, ¶¶ 75-77].

2.      But a simple review of plaintiff's pre-purchase contract documents proves that this allegation is plainly untrue.  The documents include the signed price quote ("the Price Quote") provided to plaintiff before he authorized the transmission flush. [FAC, Ex. A-1]. The Price Quote separately and clearly listed a Shop Supply Fee of $11.99. [Ex. A-1].  Plaintiff acknowledged the Price Quote – including the $11.99 Fee – by signing the Price Quote which authorized Monro to perform the transmission flush. [*Id.*].

3.      At any time prior to signing the Price Quote, plaintiff could have simply left the store.  He was under no obligation to purchase anything.  Such indisputable pre-purchase receipt of notice and authorization negates plaintiff's assertion entirely.

4.      Plaintiff alternatively proposes that Monro's alleged use of the term "Miscellaneous Shop Supplies Fee" is misleading.[2]  Plaintiff contends that the term (and its use on a "pre-printed form") mis-characterizes the Fee's purpose, suggests that it excludes profit and/or implies that the Fee is government-required. [FAC, ¶¶ 17, 19, 44, 46, 47, 48, 59, 65, 71].

5.      Again, any such contention is contradicted by the Price Quote.  It is also contradicted by the signed form with which plaintiff requested the Price Quote ("the Price Quote Request").  Both documents, in tandem, disclosed the Fee's nature and how much the Fee would cost plaintiff if he purchased the transmission flush (*i.e.,* 10% of the $119.99 price for the transmission flush, or $11.99). [FAC, Ex. A-1 & A-2].  In fact, plaintiff incurred this *exact* amount after he received the transmission flush. [FAC, Ex. 1].  These disclosures – which plaintiff irrefutably received and acknowledged with his signature twice prior to purchase and once prior to payment – negate plaintiff's theory of misrepresentation. [FAC, Ex. A-1 & A-2].

---

[2] For the sake of accuracy, Monro does not use the alleged term.  Rather, it uses the term "Shop Supply Fee" which, in the Price Quote and invoice, is listed in the "Miscellaneous" charge section. [FAC, Ex. 1 & A-1].

6.      Plaintiff suggests throughout the First Amended Complaint that a disclosed fee is "unfair and illegal" under Missouri law if it allegedly includes profit. [FAC, ¶¶ 8, 14, 15 16, 18, 49]. But there is no Missouri law to support that suggestion. Nothing in the First Amended Complaint or plaintiff's prior submissions demonstrates otherwise.

7.      Finally, plaintiff's common law claim for "money had and received" (Count II) is additionally barred by the Missouri Voluntary Payment Doctrine. Pursuant to the Doctrine, a party cannot recover under Missouri common law a disclosed line-item charge that the party paid without objection.

8.      In further support, Monro incorporates its accompanying memorandum of law, affidavit and exhibits attached thereto.

For each of the foregoing reasons, Monro respectfully requests that this Court dismiss plaintiff's First Amended Complaint with prejudice, and grant all other appropriate relief in favor of Monro.

Dated:  July 15, 2010                                   Respectfully submitted,

                                                        s/Robert J. Wagner
                                                          Robert J. Wagner, #62068
                                                          Brian A. Lamping, #5212086
                                                          THOMPSON COBURN LLP
                                                          One US Bank Plaza
                                                          St. Louis, MO  63101
                                                          314-552-6000
                                                          314-552-7000 (fax)
                                                          rwagner@thompsoncoburn.com
                                                          blamping@thompsoncoburn.com

                                                        Attorneys for Monro Muffler Brake, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed with the Court using the CM/ECF electronic filing system on this the 15th day of July, 2010, to:

John E. Campbell
Erich V. Vieth
The Simon Law Firm
701 Market Street, Suite 1450
Saint Louis, Missouri 63101

*Attorneys for the plaintiff, John McCall*

s/ Robert J. Wagner____