UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN McCALL, Individually and on Behalf of All Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) MONRO MUFFLER BRAKE, INC. d/b/a ) AUTOTIRE CAR CARE CENTER ) ) Defendant. ) | Case No.  4:10CV269 HEA |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint,[1] [Doc. No. 17].  Plaintiff opposes the Motion.  For the reasons set forth below, the Motion is denied.

**Facts and Background**[2]

In this purported class action, Plaintiff alleges that he brings this action on behalf of himself and all other persons and entities that were charged a Shop Supplies Fee by Defendant in conjunction with other services rendered by Defendant.  Specifically, Plaintiff alleges that he purchased the service of a transmission flush from Defendant for his car.  The quoted price for the

---

[1] Plaintiff's pleading is actually styled "First Amended Petition," the Court will refer to the pleading as the First Amended Complaint in keeping with Defendant's designation.

[2] The recitation of facts is taken from the First Amended Complaint and is set forth for the purposes of this Motion only.  It in no way relieves the parties of the necessary proof thereof in later proceedings.

transmission flush was $119.99.  In addition to the fee for the transmission flush, Plaintiff was charged a Shop Supplies Fee in the amount of $11.99, which was 10% of the total amount of the transmission flush.

In Count I of the First Amended Complaint, Plaintiff alleges that Defendant committed an unfair or deceptive practice in violation of the Missouri Merchandising Practices Act, (MMPA), 407.010, *et seq*., by charging the Shop Supplies Fee.  Plaintiff alleges that the fee was not for shop supplies; was deceptively presented to Plaintiff; the fee was not reasonably related to the cost of the actual supplies used for the service rendered.  Further, Plaintiff alleges that although the fee was presented as a charge for expenses that are separate from the services performed, it is not for such expenses; that the fee is not directly or reasonably related to the cost of shop supplies, in that all or most of the fee is actually profit for the company.

Count I further alleges Plaintiff did not have any knowledge that Defendant calculated the Shop Supply Fee by multiplying the repair cost by a pre-ordained percentage; that he did not know Defendant's Shop Supply Fee did not depend on the amount or costs of shop supplies Defendant actually used in the process of repairing his vehicle; that he did not know that the fee was always included on every bill, in spite of the written claim that the shop supply fee "may be" included; that despite Defendant's disclosures that the fee derives from "materials used on

your vehicle," Plaintiff did not know that Defendant calculated its shop supply fee by multiplying its repair bill by a pre-ordained percentage, and that he did not know that the Fee had no relationship to the cost or type of supplies Defendant used as part of the repair of his vehicle.  Plaintiff alleges that he had no knowledge that the fee would be exactly 10% of the repair bill; the written disclosures indicated that he fee would be "up to 10%."

Count I further alleges that Plaintiff did not have any knowledge of how Defendant's Shop Supply Fee operated in that Defendant's real world policy and conduct directly conflicted with the written disclosures to customers and that charging the Fee separately obscures the true nature of the charge and makes it appear as though the Fee is a dedicated charge that is required by law, and that the Fee cannot be negotiated by any customer.  Count I alleges that charging the Fee separately allows Defendant to advertise, market and list prices for services that appear lower than they actually are and that this is a deceptive and unfair practice.

Further, Plaintiff alleges that Defendant omitted telling Plaintiff and the Class that the Fee is not directly and proportionally related to the cost of supplies involved in their transaction; that it is added on to the advertised or agreed upon price and is, in effect a method for generating profit and adding to the total price of the product and/or service rendered.

Plaintiff contends that Defendant's representations and omissions constitute

unfair or deceptive practices under the MMPA.

Count II relies on the allegations set forth in Count I and alleges that Defendant has received money from Plaintiff (and the Class) by charging the Fee which in equity and good conscience ought to be returned to Plaintiff (and the Class).

Plaintiff seeks compensatory damages, restitution, declaratory and injunctive relief and punitive damages for himself and the members of the proposed class.

Defendant moves to dismiss the First Amended Complaint for failure to state a cause of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Discussion

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds

upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009).  While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient.  *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949.  The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950.  In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594.  The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**Count I**

Section 407.020 of the MMPA prohibits "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise[3]. . ."

Defendant argues that the undisputed contract documents that Plaintiff signed squarely contradict Plaintiff's claims under the MMPA. The Shop Supply Fee is printed on the Price Quote and the Invoice, and is listed under the heading "Customer's Rights." The Shop Supply Fee provides:

> A charge not to exceed 10% of parts and labor may be included for materials used on your vehicle like supply items, nuts, bolts, washers, pins, aerosol sprays, solvents, rags, towels, battery cleaners, etc.

The fee is listed under a "Miscellaneous" heading on the Invoice.

Defendant argues that the Shop Supply Fee clearly disclosed the fee's nature and calculation. Further, Defendant contends that the signed Price Quote clearly notified Plaintiff that if he purchased a transmission flush, he would be charged $11.99 for the Shop Supply Fee.

Contrary to Defendant's argument, however, the Shop Supply Fee does not explicitly notify Defendant's customers that they *will be* charged exactly 10% of

---

[3] "Merchandise" is defined as including "any objects, wares, goods, commodities, intangibles, real estate or services." § 407.010.

the parts and labor charge in all instances. Rather, the documents provide that the customer *may* be charged an amount *not to exceed 10%* of the total amount of parts and labor. Moreover, the Fee description denotes that it is included for materials used on the customer's car. From this language, Plaintiff alleges, *inter alia*, that he did not know the true nature of the Shop Supply Fee, *i.e.*, that it is always charged, that it is always 10% of the total labor and parts and that it was not related to the supplies used on his vehicle. Plaintiff contends that there was inadequate disclosure of the amount and nature of the fee. While Defendant argues that Plaintiff was told that he would be charged $11.99 is not accurate considering the language of the Shop Supply Fee. Assuming the truth of the allegations set out in the First Amended Complaint, Plaintiff has sufficiently stated a plausible claim under the MMPA.

**Count II**

Count II of Plaintiff's First Amended Complaint is brought under the common law theory of money had and received. The elements of an action for money had and received are that the defendant received or obtained possession of the plaintiff's money; the defendant thereby appreciated a benefit; and the defendant's acceptance and retention of the money was unjust. *Ward v. Luck*, 242 S.W.3d 473, 476 (Mo. App. 2008). The First Amended Complaint contains facts which satisfy the pleading requirements of this claim. Plaintiff alleges that he was

required to pay the Shop Supply Fee; that Defendant received a benefit from the payment and that Defendant's retention of the money is unjust in that the Fee was misrepresented to Plaintiff.

Defendant argues that this count should be dismissed on the voluntary payment doctrine. The voluntary payment doctrine is a recognized defense to a claim for unjust enrichment and an action for money had and received. *Huch v. Charter Commc'n, Inc.,* 290 S.W.3d 721, 726 (Mo. banc 2009); *Hertz Corp. v. Raks Hospitality, Inc.,* 196 S.W.3d 536, 544 (Mo.App. 2006). This doctrine provides "that a person who voluntarily pays money with full knowledge of all the facts in the case, and in the absence of fraud and duress, cannot recover it back, though the payment is made without sufficient consideration, and under protest." *Huch,* 290 S.W.3d at 726 (citation and internal quotation marks omitted). "Unless there is fraud or duress, the voluntary payment doctrine prohibits a person who voluntarily pays money with full knowledge of the facts from recovering money." *Id.*; *Pitman v. City of Columbia,* 309 S.W.3d 395, 403 -404 (Mo.App. 2010).

Plaintiff's allegations are that he was required to pay the Shop Supply Fee *without* full knowledge of the facts. At this stage of the proceedings, the Court must assume the truth of these allegations. As such, it is not proper at this time to resolve the issue of whether the voluntary payment doctrine is applicable to the facts of this case.

## Conclusion

Defendant's Motion seeks a determination based on the facts of this matter. Pursuant to Rule 12(b)(6), the Court must assume the truth of the allegations of the contained in Plaintiff's First Amended Complaint. Based upon the foregoing analysis, the allegations are sufficient to overcome Defendant's challenge.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, [Doc. No. 17], is denied.

Dated this 10th day of November, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE