UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN McCALL and JAMES RAM

    Plaintiffs,

v.

MONRO MUFFLER BRAKE, INC. d/b/a
AUTOTIRE CAR CARE CENTER,

and

AM-PAC TIRE DIST. INC.

    Defendants.

Case No. 4:10-cv-00269-HEA

**JURY TRIAL DEMANDED**

## PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT

Plaintiffs John McCall and James Ram ("Plaintiffs") bring this action on behalf of themselves and two separate classes of all others similarly situated ("Classes"), against Monro Muffler d/b/a Autotire Car Care Center ("Autotire") and Am-Pac Tire Dist. Inc. formerly d/b/a Autotire Car Care Center ("Am-Pac") (collectively, "Defendants"), and upon information and belief, allege as follows:

### PARTIES

1. Mr. John McCall is a Missouri citizen residing in Jefferson County.

2. Mr. James Ram is a Missouri citizen residing in St. Louis County.

3. Defendants Monro Muffler Brake, Inc. d/b/a Autotire Car Care Center is a company in good standing that has its principal place of business in Rochester, NY. Within Missouri, it does business as AutoTire Car Care Centers. These

1

claims are against all entities or individuals doing business as AutoTire Car Care Centers, within Missouri.

4. Am-Pac, formerly d/b/a Autotire Car Care Center is a foreign corporation in good standing in Missouri that has its principal place of business at 51 Moreland Road, Simi Valley, California 93065.

5. On May 26, 2009, Am-Pac sold various assets to Monroe with regard to AutoTire.

6. Am-Pac and AutoTire are liable to Plaintiffs and Class in this case, either jointly, individually, or proportionately, based upon their respective participation in the business of AutoTire over the years.  Each of the Defendants is liable for at least a significant proportion of the liability and damages sought in this case, based upon the conduct of each Defendant and/or based upon agreements entered by the two Defendants.  Throughout this filing, Plaintiffs will refer to the either of the Defendants or both Defendants simply as "Defendants," regardless of the exact degree or extent of liability.

## VENUE AND JURISDICTION

7. The Circuit Court of St. Louis County had subject matter jurisdiction over this action because the actions complained of took place in St. Louis County and the City of St. Louis. V.A.M.S. 407.025.1.

8. St. Louis County and the City of St. Louis had personal jurisdiction over the Defendants because they regularly conduct or conducted business in St. Louis County.

9. Venue was proper in the Circuit Courts of St. Louis County and the City of St. Louis because the cause of action arose in St. Louis County. V.A.M.S. 407.025.1.

10. Defendant AutoTire removed this case to this Court, invoking 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

11. Jurisdiction and Venue are proper before this Court.

## **GENERAL ALLEGATIONS**

12. This action is brought by Plaintiffs on behalf of themselves, individually, and two proposed classes of persons and other entities that were charged a "Shop Supplies Fee" (hereinafter "Fee") by Defendants.

13. The Fee is a predetermined percentage of the repair bill that Defendants require their customers to pay in addition to the repair bill.

14. When customers are quoted prices for various services, including transmission flushes, the price promised by the Defendants is not the actual price.

15. The actual purpose of the Fee and method of calculating the Fee are not disclosed to customers.

16. When customers receive their bill, the Fee is included.

17. The Fee increases the price and requires the customer to pay more for the service than Defendants had promised.

18. When the fee is first reasonably called to the attention of the customer, Defendants typically already had possession of the customer's car.

19. This tacked-on Fee constitutes profit for Defendants; no service is provided to the customer in return for paying the Fee.

20. Regardless of the costs of supplies that are used regarding a specific repair, and regardless of what services were performed, the Fee is calculated by multiplying the cost of the underlying repair charge by 10%.

21. Defendant Monroe has admitted in filings with this Court that the fee is calculated by adding 10% of the price of the repair.  See page 2 of "Monroe's Memorandum in Support of Its Motion to Dismiss."

22. The Fee, although described as a Shop Supplies Fee, is not tailored to the cost of supplies.  Rather, it is dictated by Defendants' management.

23. The Fee has generated significant profit to the Defendants.

24. Defendants' customers are unwittingly paying Defendants profit that is illegally disguised as a legitimate dedicated charge for services rendered.

25. Defendants operate automobile service centers across the State of Missouri, including Saint Louis County.

26. This action is brought by Customers against Defendants to recover for Plaintiffs and for all others similarly situated (hereinafter "the Classes" or "the proposed Classes") all "Shop Supplies Fee" paid by Plaintiffs and Classes to Defendants.

27. It is unlawful under Missouri law for Defendants to collect their "Shop Supplies Fee" from its Customers

28. Defendants are legally obligated to refund to the Customers, and to the other members of the Classes, all "Shop Supplies Fees" charged and collected by Defendants on transactions within the State of Missouri, and to pay the attorneys' fees incurred by Customers herein, pre-judgment and post-judgment interest, costs, and punitive damages

## **NAMED PLAINTIFFS' ALLEGATIONS**

29. Plaintiffs McCall purchased the service of a "transmission flush" from Defendants for his personal car.

30. The quoted price for the transmission flush was $119.99.

31. Plaintiffs McCall waited while his car was serviced.

32. When the service was complete and while Defendants had possession of Plaintiff McCall's car, Defendants charged Plaintiff for the transmission flush, any applicable taxes, and the Shop Supplies Fee.

33. The Fee was $11.99.  A copy of the purchase agreement reflecting the Fee is attached hereto as Exhibit 1.

34. The transaction took place in Saint Louis County, Missouri at the AutoTire located at 3300 Lemay Ferry Road, St. Louis, MO  63125.

35. Only after Plaintiff McCall returned home and reviewed his bill carefully did he discover the Fee.

36. Plaintiff McCall contacted Defendants by phone.  At that time, an employee of Defendants told Plaintiffs McCall that the Fee was mandated by managers in the company and was added to customers' bills regardless of the services performed.

37. On or about May 8, 2008, Mr. McCall had motor vehicle maintenance/repair work done by a Missouri Autotire store.   The total price Defendant charged for that service was $188.54.   On information and belief, Plaintiff McCall was also charged the Fee on that occasion.

38. On April 2, 2007, August 24, 2010 and February 23, 2011, Plaintiff Ram purchased auto repair/maintenance services from Defendants for his personal vehicle.

39. On each of these occasions, Defendant charged Plaintiff Ram the Fee.

40. Three receipts reflecting the Fees charged to Plaintiff Ram have been attached as Exhibit 2.

## CLASS ACTION ALLEGATIONS

41. Plaintiffs seek to represent the following Classes:

    **All Missouri citizens who were charged a Shop Supplies Fee by Defendant Monroe at any store in Missouri.**

    **and**

    **All Missouri citizens who were charged a Shop Supplies Fee by Defendant AM-PAC at any store in Missouri.**

    Excluded from the proposed classes are Defendants, their Officers, Directors, and employees, as well as employees of any subsidiary, affiliate, successors or assignees of Defendants.  Also excluded is any trial judge who may preside over this case.

42. The Classes are believed to comprise many Customers, the joinder of whom is impracticable both because of their number and because they are spread out across the state.  Moreover, the amount of damages suffered individually by each member of the Classes is so small as to make suit for its recovery by each individual member of the Classes economically unfeasible.

43. Class treatment will provide substantial benefit to both the parties and the court system.  A well-defined commonality of interest in the questions of law and fact

involved affects all Plaintiffs and proposed members of the Classes.  Common questions of law and fact iinclude:

(a) Whether Defendants charge "Shop Supplies Fee" for the actual cost of shop supplies;

(b) Whether charging a tack-on "Shop Supplies Fee" by Defendants constitutes an unfair or deceptive practice;

(c) Whether the Fee generates profit for Defendants;

(d) Whether the description of the Fee as a "fee" is deceptive, in that it is not directly related to costs;

(e) Whether adding the Fee to the charges assessed to Plaintiffs and Classes is unfair or deceptive in that it alters the promised price of service;

(f) Whether Defendants should, under Missouri law, be required to refund the Fee to Plaintiffs and Classes;

(g) Whether Defendants acted with the malice necessary for the imposition of punitive damages; and

(h) Whether Defendants should be required to pay attorneys fees.

44. Plaintiffs' claims are typical of the claims of the respective proposed Classes.

45. Plaintiffs will fairly and adequately represent and protect the interests of the proposed Classes.  Plaintiffs do not have any interest antagonistic to those of the Class.  Plaintiffs have retained competent and experienced counsel in the prosecution of this type of litigation.

46. The questions of law and fact common to the members of the Classes, some of which are set out above, predominate over any questions affecting only individual

members of the Classes.  The resolution of common questions in this case will resolve the claims of both Plaintiffs and the Classes.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because members of the Classes are numerous and individual joinder is impracticable.  The expenses and burden of individual litigation would make it impracticable or impossible for proposed members of the Classes to prosecute their claims individually.  Trial of Plaintiffs' claims is manageable.

48. Unless a class is certified, Defendants will retain monies received as a result of its schemes to collect fees from Plaintiffs and proposed members of the Classes. Unless a class-wide injunction is issued, Defendants will continue to commit violations against Customers.

49. This action is maintainable as a class action pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and pursuant to section 407.025 R.S.Mo.

### COUNT I – IN THE ALTERNATIVE TO THE PRECEDING COUNTS, DAMAGES FOR VIOLATION OF SECTION 407.010, *et seq*., R.S.Mo. AGAINST ALL DEFENDANTS

50. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

51. Selling automobile products or services is a service under § 407.010 *et seq.*

52. Plaintiffs and Class members purchased products or services for personal, family or household purposes.

53. Defendants committed an unfair or deceptive practice by charging a "Shop Supplies Fee" for "shop supplies," but in reality it was not for the actual supplies used for the repair service rendered.

54. The Fee was deceptively presented to the Plaintiffs, appearing within a paragraph of the Estimate titled "Customer's Rights," even though the Fee was not in any manner a customer right but rather a deceptive fee charged to customers (See attached Exhibit A-2).

55. The Fee was deceptively presented to the Plaintiffs on the customer Invoice, appearing as "Shop Supply Fee" when it was not a "fee" and it was not for "shop supplies."

56. Alternatively, Defendants committed an unfair or deceptive practice by charging a "Shop Supplies Fee," for "shop supplies" that were, in reality, not reasonably related to the cost of the actual supplies used for the service rendered.

57. Although the Fee is presented to each customer as a charge for expenses that are separate from the services performed, it is not for any such expenses.

58. The Fee is not directly or reasonably related to the cost of shop supplies, in that all or most of the Fee is actually profit for the company.

59. Plaintiffs did not have any knowledge that Defendants calculated their Shop Supply Fees by multiplying the repair cost by a pre-ordained percentage.

60. Plaintiffs did not know that Defendants' Shop Supply fee didn't depend on the amount or costs of shop supplies Defendants actually used in the process of repairing Plaintiffs' vehicle.

61. Despite Defendants' written claim that their "shop supply fee" "may be" included in the total repair costs, Plaintiffs had no knowledge that the Fee was always tacked onto every repair bill.

62. Despite the Defendants' "disclosures" stating the Fee derives from "materials used on your vehicle" Plaintiffs did not know that that Defendants calculated their "shop supply fee" by multiplying its repair bill by a pre-ordained percentage; nor did Plaintiffs know that the Fee had no relationship to the cost or type of supplies Defendants used as part of the repair of Plaintiffs' vehicles.

63. Defendants' written disclosures indicated that the fee would be "up to 10%."

64. Plaintiffs had no knowledge that Defendants would violate their own disclosures to all of Defendants' customers, contained under a provision titled "Customer's Rights."  See, for example, Exhibit A-2, the back side of Defendants' Estimate #104044:

> **"A charge not to exceed 10% of the parts and labor may be included for materials used on your vehicle like supply items, nuts, bolts, washers, pins, aerosol sprays, solvents, rags, towels, battery cleaners, etc."**

65. Paperwork provided by Defendants to its customers includes Defendants' Invoice (See the Invoice from Plaintiffs' transaction with Defendants, marked Exhibit 1) and the front and back sides of Defendants' Estimate (See samples from Plaintiffs' transactions, marked Exhibits A-1 and A-2)).  See also, Defendants' sworn authentication of each of these forms, marked as Exhibit A.  Copies of each of these documents were attached to this Third Amended Complaint.

66. Plaintiffs did not have any knowledge of how Defendants' Shop Supply Fee operated, in that Defendants' real-world policy and conduct directly conflicted with Defendants' written disclosures to customers.

67. Charging the Fee separately obscures the true nature of the charge and makes it appear as though the Fee is a dedicated charge that it is required by law, and that the Fee cannot be negotiated by any customer.

68. Plaintiffs did not have any knowledge of any aspect of the Fee described in this Complaint that made the Fee unfair and deceptive.

69. Charging the Fee separately allows Defendants to advertise, market and list prices for services that appear lower than they actually are.

70. Advertising prices that appear lower than they actually are (because the Fee is not plainly disclosed up front) is an unfair practice for consumers and competitors in that it distorts competition in the marketplace by preventing consumers from accurately comparing the costs of car repair services, thus causing consumers to needlessly incur unnecessary costs.

71. The Fee unfairly allows for an increase in the advertised price that occurs after the customers accept the advertised price.

72. The practices described above are each deceptive and unfair:

   (i)  naming the add-on charge a "fee";

   (j)  adding the Fee after the customers agree to pay a price that does not include a Fee;

   (k) adding the Fee after services are already performed;

   (l)  using the Fee as a means to generate profit; and

(m) representing that the Fee is reasonably related to the cost of supplies when in fact is not.

73. The fee is pre-printed on Defendants' forms, suggesting that it is required by law, when it is not required by law.

74. Although Defendants do not negotiate or waive the Fee, the Fee is set arbitrarily by Defendants to increase profit on the sale of cars.

75. In addition to the unfair and deceptive acts discussed above, Defendants omitted to tell Plaintiffs and Class members that the Fee:

   (n) is not directly and proportionally related to the cost of supplies involved in their transaction;

   (o) is tacked-on to the advertised or agreed upon price; and

   (p) is, in effect, a method for generating profit and adding to the total price of the product and/or service rendered.

76. These omissions of material information regarding the true nature of "Shop Supplies Fee," at issue constitute unfair or deceptive practices pursuant to Missouri Revised Statute 407.010 et seq.

77. The representation of a price through advertisement and then to subsequently add a fee after service is rendered is a deceptive practice pursuant to Missouri Revised Statute 407.010 et seq.

78. The misrepresentation of the Fee is an unfair or deceptive practice pursuant to Missouri Revised Statute 407.010 et seq.

79. Additionally, the Fee is unfairly and deceptively named because the Defendants uses the intentionally vague term "miscellaneous," allowing the Defendants to

make the name of the Fee too vague for the Customer to be able to question.  This intentional vagueness is an unfair or deceptive practice pursuant to Missouri Revised Statute 407.010 et seq.

80. Plaintiffs and Class have suffered ascertainable loss due to the unfair and deceptive practices described in this Count.

81. The conduct of Defendants was malicious, corrupt, and intentional and/or reckless to a degree sufficient to support an award of punitive damages against Defendants.

82. WHEREFORE, Plaintiffs and Class pray for the relief requested in the Prayert for Relief set forth below in this Third Amended Complaint.

## COUNT II – MONEY HAD AND RECEIVED

83. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

84. Defendants have been received money from Plaintiffs and Classes by charging the Fee which in equity and good conscience ought to be returned to Plaintiffs and Classes.

85. At the time the fee was charged, Plaintiffs did not know that the Fee ought to be returned to Plaintiffs in equity and good conscience.

86. WHEREFORE, Plaintiffs and Classes pray for the relief requested in the Request for Relief set forth below in this Second Amended Class Action Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and each member of the proposed Classes pray for a judgment:

a) Certifying the Classes as requested herein;

b) Enter an order appointing The Simon Law Firm, P.C. as lead counsel for the Class;

c) Awarding Plaintiffs and Classes compensatory damages, including a full refund of the amount of the Fee;

d) Awarding restitution to Plaintiffs and Classes;

e) Awarding declaratory and injunctive relief as permitted by law or equity including a preliminary and permanent injunction enjoining Defendants from continuing the unlawful practices as set forth herein, specifically the charging of the Fee;

f) Awarding punitive damages in an amount to be determined at trial;

g) Awarding pre-judgment interest;

h) Awarding post-judgment interest;

i) Awarding attorneys' fees and costs;

j) Providing such further relief as the Court may deem fair and reasonable.

## JURY DEMAND

Plaintiffs demands a trial by jury on all issues so triable.

>Respectfully submitted,
>
>**THE SIMON LAW FIRM**
>
>_/s/_ John Campbell
>John Campbell, #543242MO
>Erich Vieth, #29850MO
>Attorneys for Plaintiffs
>800 Market St. Suite 1700
>St. Louis, MO 63101
>P. 314.241.2929
>F. 314.241.2029
>jcampbell@simonlawpc.com
>evieth@simonlawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon attorneys of record.

>/s/   John Campbell