UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN McCALL and JAMES RAM<br><br>    Plaintiffs,<br><br>v.<br><br>MONRO MUFFLER BRAKE, INC. d/b/a AUTOTIRE CAR CARE CENTER,<br><br>and<br><br>AM-PAC TIRE DIST. INC.<br><br>    Defendants. | Case No. 4:10-cv-00269-HEA |

**PLAINTIFFS' MOTION TO PRESENT MOTION FOR CLASS CERTIFICATION
BY ORAL ARGUMENT, AND
TO DESIGNATE ORDER OF RESOLUTION OF PENDING MOTIONS**

Plaintiffs' motion consists of two parts: A) A request for oral argument regarding Plaintiffs' Motion for Class Certification, and B) A request for this Court to order that it will resolve Plaintiffs' Motion for Class Certification prior to ruling on any motions for summary judgment.

**A. Request for Oral Argument**

Plaintiffs hereby request oral argument of their Motion for Class Certification. Pursuant to Local Rule 78 - 4.02, the Court may in its discretion order oral argument regarding any motion. Plaintiffs seek oral argument of Defendant's motion because this case, which has been heavily briefed, potentially involves many thousands of consumers, as well as issues that have not been squarely addressed by this Court or by courts of the Eighth Circuit.  For each of these reasons, Plaintiffs respectfully suggest that oral argument would be of benefit to the Court.

1

### B. Request for a Ruling on Plaintiffs' Motion for Class Certification
### Prior to Ruling on Motions for Summary Judgment.

Seeking summary judgment at this stage is inappropriate for the following reasons:

1. Defendants and Plaintiffs agreed in writing that they would limit discovery to class certification issues. Courts have consistently held that a party can't be forced to respond to a motion on the merits where merits discovery had been specifically postponed.

2. It is a well-accepted rule and best practice that in most cases class certification is considered before dispositive motions.  This sequencing makes the Court's decisions on merits issues binding on all class members, promotes efficiency, and is in keeping with Rule 23's mandate that class certification should be decided as early as is practicable.

3. In this matter, where the parties <u>agreed</u> to conduct class certification discovery, then filed that agreement with the Court (resulting in a scheduling Order), any attempt to have this Court rule on the merits prior to a motion for certification is inappropriate, prejudicial to Plaintiffs, and premature.

This Court now has before it Plaintiffs' fully-briefed Motion for Class Certification. Defendants have filed a motion for summary judgment, which has also been briefed.  In the near future, Plaintiffs intend to file their own motion for summary judgment.  This situation raises the question of whether this Court should decide any of these motions in any particular order.  Any decision on the merits (based on either motion for summary judgment) would be premature at this time because it would be inconsistent with this court's scheduling order and contrary to normal class action practice.  Therefore, this Court should first decide Plaintiffs' Motion to Certify the Class, and only then proceed to decide any motions for summary judgment.

From the beginning of this case, all parties and this Court understood that discovery was to be conducted in two phases: class discovery first, and then merits discovery.[1] When Defendants filed their motion for summary judgment, then, they knew that merits discovery was not yet complete.

The entire point of Plaintiffs' pending class certification motion is to decide whether or not this case would be best resolved individually or, rather, for an entire class of people with common interests, based on common questions of law or fact. It was never contemplated that full merits discovery would be conducted in anticipation of this motion. Plaintiffs would certainly have the right to conduct discovery on the merits of this case prior to this case being decided on the merits. To decide the merits now, prior to completing discovery on the merits, would be grossly unfair to Plaintiffs. Further, this order or resolution is required because many courts have held that a plaintiff will be prohibited from seeking to certify a class after prevailing on a motion for summary judgment (the one-way intervention doctrine).[2]

There is good reason to decide class certification before ruling on the merits, especially when a scheduling order so designates. See, e.g., *Bertrand v. Maram,* 495 F.3d 452, 455 (7th Cir.2007) ("Class-action status must be granted (or denied) early...to clarify who will be bound by the decision"); *Schwarzschild v. Tse,* 69 F.3d 293, 296 (9th Cir.1995) (Rule 23 "clearly contemplates that the notice requirement will be met before the parties are aware of the district court's judgment on the merits"); see also *Philip Morris Inc. v. National Asbestos Workers Med. Fund,* 214 F.3d 132, 135 (2d Cir.2000) (stating that "it is 'difficult to imagine cases in which it is

---

[1] Joint Proposed Scheduling Plan [Doc. # 29]: "(f) The parties shall complete all <u>class related discovery</u> in this case no later than July 15, 2011.

[2] See, for example, *Peritz v. Liberty Loan Corporation,* 523 F.2d 349 (7th Cir. 1975).

3

appropriate to defer class certification until after decision on the merits'") (quoting *Bieneman v. Chicago,* 838 F.2d 962, 964 (7th Cir.1988) (per curiam)); see also *Mendez v. The Radec Corp.,* 260 F.R.D. 38, 44-45 (W.D.N.Y., 2009).

The above holdings are in keeping with the requirement of Rule 23, that a court should consider a motion for class certification as "early as is practicable." The general rule is grounded in old-fashioned common sense. It makes good sense to resolve a case for an entire class of people, rather than resolving Summary Judgment for only the named plaintiffs. Efficiency is best served by deciding all common legal and factual questions once and for all. Otherwise, even if a defendant were to win a motion, a new plaintiff could re-file the next day. Similarly, a win for the plaintiffs prior to certification would not bind a class and therefore would not resolve questions for the class. To consider Defendants' motion for summary judgment now would deprive this Court of the chance to decide the best procedural mechanism for handling this case.

That class certification should be decided first is even more clear when a scheduling order provides otherwise. In this matter, the parties and this Court <u>agreed</u> that class issues must be explored first.

In *Mueller v. CBS, Inc.,* 200 F.R.D. 242, 244-45 (W.D.Pa., 2001), the court considered whether a plaintiff's motion for summary judgment was appropriate when filed before a motion for class certification. The Court held that, "plaintiff's motions are entirely premature because, by agreement of the parties, discovery in this matter has proceeded only to questions related to class certification." *Id.* The Court noted that

> Although Plaintiffs apparently conclude they have acquired sufficient evidence during the class certification stage to support their motions, I believe it would be an abuse of discretion if I were to grant summary judgment at this point when it is clear from the record that both parties expected further discovery to follow my rulings on class certification.

4

The court cited to *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434, 444 (3d Cir.1977), reversing as an abuse of discretion the district court's grant of summary judgment when the discovery taken to date was "principally concerned with issues raised by the class action allegations."

Similarly, in *Yoakum v. PBK Architects, Inc.,* 2010 WL 4053956 (S.D.Tex. 2010), the court considering an FLSA case barred a motion for summary judgment that was filed prior to considering a motion for conditional certification. The court noted, "It is undisputed that discovery has been, to this point, limited to conditional certification issues." *Id.* It concluded that the plaintiff's focus was on meeting the certification standard, "not on obtaining enough evidence to survive a motion for summary judgment." *Id.* As a result, the court held that both parties should have sufficient time to fully develop their merits-based arguments before the court considered a motion for summary judgment-particularly when the outcome turns on factual nuances, as in this case. Accordingly, the court ruled that defendant's motion for summary judgment was premature and denied the motion.

In *Burdette v. Vigindustries Inc.,* 2011 WL 1702509 (D.Kan. 2011), the court considered what it should do when faced with a motion for summary judgment filed by a defendant in a case where merits discovery was allowed but the plaintiff had focused its discovery on class certification because there was a class certification discovery deadline. The court held:

> The point of having a separate class certification discovery deadline is to save the parties' and the Court's resources by allowing discovery and motions practice relating to class certification to proceed before the parties engage in further discovery. If the Court denies the motion for class certification, both parties' discovery on the liability issues will be limited to the named plaintiffs, whereas if the Court grants the motion, the parties' subsequent discovery efforts will be broadened. The Court declines to punish plaintiffs for failing to engage in the sort of discovery that would allow them to oppose a motion for summary judgment that was filed before any dispositive motion deadline was set and before the motion for class certification was filed.

5

Defendants' own motion for summary judgment invites class certification by recognizing that this case presents several common questions of law.  Although Plaintiffs have responded to Defendants' motion as they were best able, any decision should be stayed, at a minimum, until after this Court rules on Plaintiffs' Motion for Class Certification.

It is imprudent and out-of-step with the general practice in class actions to decide merits issues before deciding who will be bound by the decision.  This is especially true in this matter, given the fact that within the next 14 days Plaintiffs will by filing a motion for summary judgment seeking judgment on behalf of the Plaintiffs.  It would be best to allow those dueling motions for summary judgment to be heard simultaneously, after this Court rules on the pending motion for class certification.

For the reasons set forth herein, Plaintiffs ask this Court to first determine the pending motion for class certification and, only after making that ruling, address any motions for summary judgment.

        Respectfully submitted,

        **THE SIMON LAW FIRM**

        _/s/_ John Campbell_____
        John Campbell, #543242MO
        Erich Vieth, #29850MO
        Attorneys for Plaintiffs
        800 Market St. Suite 1700
        St. Louis, MO 63101
        P. 314.241.2929
        F. 314.241.2029
        jcampbell@simonlawpc.com
        evieth@simonlawpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon attorneys of record.

      /s/   John Campbell