UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN MCCALL and JAMES RAM, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:10-cv-00269-JAR |
| ) | |
| MONRO MUFFLER BRAKE, INC., ) | |
| d/b/a AUTOTIRE CAR CARE CENTER, ) | |
| ) | |
| and ) | |
| ) | |
| AM-PAC TIRE DIST. INC., ) | |
| ) | |
|     Defendants. ) | |

**DEFENDANTS' MOTION FOR RECONSIDERATION
AND SUPPORTING MEMORANDUM**

On May 7, 2012, plaintiffs filed a "Motion to Present Motion … to Designate Order of Resolution of Pending Motions" (Doc. 109) ("plaintiffs' Motion"), requesting that the Court defer ruling on Defendants' Motion for Summary Judgment (Doc. 78) until after it rules upon plaintiffs' Motion to Certify Class (Doc. 82). On May 8, 2012, the Court granted plaintiffs' Motion. (Doc. 111). Defendants respectfully request that the Court reconsider its Order. Under the circumstances of this case, and pursuant to established class action practice, taking up Defendants' Motion for Summary Judgment before – or simultaneously with – plaintiffs' Motion to Certify makes good sense. Contrary to plaintiffs' Motion, there is no procedural impediment for the Court to do that.

**Argument**

*Defense* motions for summary judgment filed at or before the time the plaintiff moves for class certification are common in class action litigation. *See Weir v. Joly,* 2011 WL 6043024 (D. Or. Dec. 2, 2011) (taking up defendant's motion for summary judgment before ruling on motion

to certify). Such motions potentially moot the need for any class certification ruling or, in the alternative, winnow the case of surplusage that would needlessly complicate the court's Rule 23 class certifiability review.

> Ruling on a dispositive motion prior to addressing class certification issues may be appropriate where there is sufficient doubt regarding the likelihood of success on the merits of a plaintiff's claims, where inefficiency would otherwise result, or where neither plaintiffs nor members of the putative class would be prejudiced…. [P]revailing on the motion provide[s defendants] only with stare decisis protection rather than res judicata protection as to absent class members.

MCLAUGHLIN ON CLASS ACTIONS § 3.3 (collecting cases) (bracketed text added). *See also Ince v. Aetna Health Management, Inc.,* 173 F.3d 672, 673 (8th Cir. 1999) (affirming where "the district court granted summary judgment dismissing all of plaintiffs' claims prior to class certification."); *Hechenberger v. Western Elec. Co., Inc.,* 570 F. Supp. 820 (E.D. Mo. 1983), *aff'd.,* 742 F.2d 453 (8th Cir. 1984), *cert. denied,* 469 U.S. 1212 (1985) (granting defendant's motion for summary judgment "prior to class certification."); *Thomas v. Moore USA, Inc.,* 194 F.R.D. 595, 602 (S.D. Ohio 1999) (holding that "the most appropriate approach" was to defer the class certification question until after the defendant's motion for summary judgment).

Here, plaintiffs did not dispute – and thus effectively waived as a matter of Eighth Circuit precedent – the lion's share of Defendants' Motion for Summary Judgment.[1] Defendants respectfully suggest that the Court should not expend judicial resources assessing the certifiability of abandoned matters.[2] Moreover, waiting until after the class certification

---

[1] Defendants identified the waivers in their Reply in Support of the Motion for Summary Judgment. (Doc. 108).

[2] *E.g., Seabron v. American Family Mut. Ins. Co.,* 2012 WL 1520156 (D. Colo. Apr. 30, 2012) ("this Court has discretion to narrow Plaintiffs' claims via summary judgment prior to ruling on class certification.").

determination to grant Defendants' Motion would run the risk of binding absent class members.[3]

As for the portion of Defendants' Motion for Summary Judgment that plaintiffs contested (*i.e.,* the unpled theory that plaintiffs introduced through their Motion to Certify rather than a motion for leave to amend the Complaint), the Motion for Summary Judgment highlights some of the individualized issues of fact that would defy class treatment.[4] This helps show that the Motion to Certify should be denied, either as "moot,"[5] or as lacking a class representative with a viable claim, or as failing to show that the class claims can be manageably tried without resort to an endless stream of mini-trials. Plaintiffs presumably agree that the Motion for Summary Judgment is germane to addressing class certifiability, because they address it as part of their Reply in support of the Motion to Certify. (Doc. 103, p. 2-5, 7).

Plaintiffs cite a number of cases that purportedly suggest that a motion for summary

---

[3] MCLAUGHLIN, *supra,* at § 3.3. *E.g., Robinson v. Sheriff of Cook County,* 167 F.3d 1155, 1157 (7th Cir.), *cert. denied,* 528 U.S. 824 (1999) ("The plaintiffs' lawyer who we assume is the real mover and shaker in this suit, would not be happy to have this case certified as a class action and then dismissed; that would have res judicata effect on any unnamed class members who did not opt out.").

[4] For example: (1) whether plaintiffs themselves interpret the fee descriptions in the manner proposed by their attorneys (*i.e.,* that they allegedly preclude AutoTire from counting its costs to acquire, transport, house and manage shop supplies as shop supply costs); (2) whether plaintiffs themselves really "care" whether AutoTire internally counts these costs as shop supply costs; (3) whether plaintiffs themselves were injured because of how AutoTire internally counts its shop supply costs; (4) whether plaintiffs' admission that they did not see the challenged fee description until after they filed suit precludes them from suing over what the descriptions allegedly imply about internal cost accounting; (5) whether the "grand total" price estimates that plaintiffs received and signed prior to purchase preclude any claim that they paid too much for shop supplies; and (6) whether the coupon that Plaintiff Ram (a lawyer) redeemed twice that contains an unchallenged fee description precludes his claim under the unpled theory.

[5] *See Dickard v. Oklahoma Management Services for Physicians, LLC,* 2007 WL 2713220 (W.D. Ark. Sept. 17, 2007) (deferring class determination until after ruling on defendants' motion for summary judgment because "[i]f this Court grants summary judgment [for defendants] … the issue of class certification would be moot.") (bracketed text added).

judgment prior to the class certification ruling is procedurally improper. Those cases do not stand for such a broad proposition.[6] Courts refuse to entertain such motions *by plaintiffs* because of the doctrine of "one-way-intervention" that protects against class members waiting until a favorable ruling on the merits before deciding whether to opt-in or to opt-out of the class. *E.g., Nixon v. Costner Excavating, Inc.,* 2012 WL 1415530 (E.D. Ark. Apr. 24, 2012) (deferring the plaintiff's motion for summary judgment because of one-way intervention concerns); *Dege v. Hutchinson Technology, Inc.,* 2007 WL 3275111, *3 (D. Minn. Nov. 2, 2007) (deferring the plaintiff's motion for summary judgment because of the same concerns).[7]

On the other hand, as for *defense* motions for summary judgment prior to the class certification ruling, courts routinely entertain those, as noted at the outset. *See also Weir,* 2011 WL 6043024 (a recent example of the district court proceeding with defendants' – but not plaintiff's – motion for summary judgment prior to ruling on class certifiability); FED. R. CIV. P. 23 (2003 Advisory Committee Notes) ("Other considerations may affect the timing of the

---

[6] In fact, many of the cases cited by plaintiffs do not address the point. *See Bertrand ex rel. Bertrand v. Maram,* 495 F.3d 452 (7th Cir. 2007) (affirming summary judgment in the defendant's favor that was granted prior to a class certification ruling); *Schwarzchild v. Tse,* 69 F.3d 293 (9th Cir. 1995), *cert. denied,* 517 U.S. 1121 (1996) (holding that, by obtaining summary judgment before the class had been certified and notice had been sent, the defendant waived the right to compel the plaintiff to notify the class of the pending action); *Philip Morris Inc. v. National Asbestos Workers Medical Fund,* 214 F.3d 132 (2nd Cir. 2000) (holding that the district court is obliged to rule on class certifiability prior to trial); *Bieneman v. City of Chicago,* 838 F.2d 962 (7th Cir. 1988) (holding that in the circumstances of that case, the court should have determined class certifiability even though the plaintiff failed to move for it); *Bogosian v. Gulf Oil Corp.,* 561 F.2d 434, 443-447 (3rd Cir. 1977), *cert. denied,* 434 U.S. 1086 (1978) (reversing grant of Rule 12(b)(6) dismissal in favor of defendants as to adequacy of pleading).

[7] Two of the cases cited by plaintiffs exemplify this point: *Mendez v. The Radec Corp.,* 260 F.R.D. 38, 44-46 (W.D.N.Y. 2009) (holding that the defendants should have objected to *the plaintiff's* motion for summary judgment before the motion was granted and the class certified); *Mueller v. CBS, Inc.,* 200 F.R.D. 242 (W.D. Pa. 2001) (holding that *the plaintiffs'* motion for summary judgment should be deferred).

certification decision. *The party opposing the class* may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified.") (emphasis added).

Plaintiffs contend that a defendant's motion for summary judgment prior to a class certification determination is inappropriate if the parties agreed to bifurcate "class" and "merits" discovery. Missing from that argument is any suggestion that bifurcation deprived plaintiffs of information needed to oppose Defendants' Motion. This is because the asserted grounds for summary judgment (in accord with the Rule 23 Advisory Comment quoted above) focus upon plaintiffs' individual claims and nothing more. "Class" discovery included full-blown discovery on the two named plaintiffs – which is the basis for Defendants' Motion. The Motion does not implicate any factual issue affected by the bifurcation – and plaintiffs do not contend otherwise.[8]

Plaintiffs also suggest that there was an agreement between the parties that dispositive motions would be deferred until after the class certification determination. On the contrary, the parties' Joint Proposed Scheduling Plan (Doc. 27) says that "[a]ny motions for summary judgment … may be filed up to the filing of Plaintiffs' class certification motion." (*Id.,* ¶ 9). In accord with that agreed upon language, Defendants filed the Motion for Summary Judgment on the same day that plaintiffs filed the Motion to Certify – March 2, 2012.

Finally, as Defendants have noted above and in their last several briefs, the theory of liability exclusively featured in plaintiffs' Motion to Certify is brand new and unpled. Plaintiffs

---

[8] Compare the *Burdette v. Viginindustries, Inc.* case (cited by plaintiffs), where the plaintiffs submitted an affidavit explaining what additional discovery was needed to respond to the defendant's motion under Rule 56(d). 2011 WL 1702509, *1 (D. Kan. May 4, 2011). Here, in contrast, plaintiffs offer no such showing. Another case cited by plaintiffs involved a similar situation: *Yoakum v. PBK Architects, Inc.,* 2010 WL 4053956 (S.D. Tex. Oct. 14, 2010) (deferring motion because plaintiff had not yet taken discovery needed to address the motion).

have disagreed, pointing out that the Complaint – just like the new theory – attacks one of the shop supply fee written descriptions as allegedly deceptive. (Doc. 103, p. 4). However, the *pled* misrepresentation theory concerning the written description featured in the Complaint is that *its use of the terms "not to exceed 10%" and "may include" wrongly imply that the fee is tailored to the supplies used on the customer's particular vehicle*. (Doc. 54, ¶¶ 54, 61, 62, 63, 64, 65, 66). By contrast, the *unpled* misrepresentation theory concerning the fee descriptions featured in the Motion to Certify alleges something quite different: *the allegedly "narrow" descriptions preclude AutoTire from counting its costs to acquire, transport, house and manage shop supplies as shop supply costs*. This new theory is untested. Defendants' Motion for Summary Judgment challenges the theory's applicability to the two named plaintiffs. Deferring the Motion runs the risk of certifying two class representatives with very weak individual claims.[9] The risk here is exacerbated by the fact that plaintiffs neglected to introduce the new theory through a Rule 15 complaint amendment. This deprived Defendants the opportunity to challenge the theory's legal validity through a Rule 12(b)(6) motion to dismiss. As Defendants have pointed out in prior briefs, an unpled theory is *per se* unqualified for class certification. Likewise, an unpled theory is not a valid basis to oppose summary judgment.

## Conclusion

Under the circumstances of this case, and pursuant to established class action practice, Defendants respectfully request that the Court take up Defendants' Motion for Summary Judgment before – or simultaneously with – plaintiffs' Motion to Certify.

---

[9] *Thomas,* 194 F.R.D. at 601 ("the Court is reluctant to certify a class with [Plaintiffs] as its representatives, particularly given the real possibility that some or all of those Plaintiffs may well be vulnerable to a motion for summary judgment.").

Respectfully submitted,

By: /s/ Robert J. Wagner
    Robert J. Wagner, #46391MO
    Brian A. Lamping, #61054MO
    THOMPSON COBURN LLP
    One US Bank Plaza
    St. Louis, MO  63101
    314-552-6000
    314-552-7000 (fax)
    rwagner@thompsoncoburn.com
    blamping@thompsoncoburn.com

Attorneys for Defendants Monro Muffler Brake, Inc. and Am-Pac Tire Dist. Inc.

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served, by filing with the Court using the CM/ECF electronic filing system on this the 14th day of May, 2012, upon all counsel of record:

    /s/ Robert J. Wagner