UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN McCALL and JAMES RAM

    Plaintiffs,

v.

MONRO MUFFLER BRAKE, INC. d/b/a
AUTOTIRE CAR CARE CENTER,

and

AM-PAC TIRE DIST. INC.,

    Defendants.

Case No. 4:10-cv-00269-HEA

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR RECONSIDERATION**

    This Court's Order of May 8, 2012 (DOC. 111) provides that this Court will proceed with oral argument regarding Plaintiffs' Motion for Class Certification and will not decide Defendants' Motion for Summary Judgment until after the class certification issue is resolved. Defendants ask for reconsideration, but this Court has already entered an order that comports with the law (DOC. 110), for the reasons spelled out in Plaintiffs' previous motion. In sum, this Court's current Order is in-line with 1) standard practice in class actions, 2) the only reasonable reading of the scheduling order <u>agreed</u> to by both sides, and 3) common sense. Deciding how this case is best resolved (individual or class) before actually resolving it seems imminently logical. Nonetheless, Defendants argue that this Court should peremptorily hear its motion.[1]

---

[1] It is also worth noting that as Plaintiffs have indicated in previous filings, they will be filing a motion for summary judgment. Hearing both, after this Court has determined whether such a decision will bind a couple of plaintiffs or the entire class, is efficient and appropriate.

1

Nothing in Defendant's current motion offers any valid reason for this Court to reverse course.  Defendants presumptively argue that they effectively have already won their Motion for Summary Judgment, and that it would waste of judicial resources to not hear their motion first.  This is a strange statement from Defendants that have admitted liability in their testimony and who filed a supplemental memorandum regarding summary judgment in which they admitted that they missed the entire point of Plaintiffs' case, calling into question whether their motion for summary judgment was apposite at all.  One also wonders why, if Defendants are so confident they are right on the law, they are working to avoid class certification. The notice costs of class certification run to the Plaintiffs and a subsequent decision in Defendants favor would bind the whole class.  If Defendants really believed in their motion for summary judgment, they would <u>want</u> class certification so they could completely put a summary end to this entire case.

This Court did not bar Defendants from presenting their motion for summary judgment; this Court merely held that the Court would not rule on any motion for summary judgment until it resolved whether this class should be certified.  If Defendants' summary judgment arguments are worthy, it will still win its motion; if its arguments are weak, it will lose.  The timing of Defendants' motion will not affect the outcome, with only one exception: By resolving issues in the proper order, this case is far more likely to be finally and completely resolved for all parties.

Despite its bald assertions, no part of any Scheduling Order suggests that this Court would hear any dispositive motion prior to ruling on Plaintiffs' Motion for Class Certification.  The Scheduling Orders in this case have consistently recognized the need to <u>promptly</u> hear Plaintiffs' motion for class certification in accordance with Rule 23, requiring resolution of class issues as soon as is practicable.

For each of these reasons, there is no reason to revisit this Court's Order.

**THE SIMON LAW FIRM**

  /s/  John Campbell_____
John Campbell, #543242MO
Erich Vieth, #29850MO
Attorneys for Plaintiffs
800 Market St. Suite 1700
St. Louis, MO 63101
P. 314.241.2929 F. 314.241.2029
jcampbell@simonlawpc.com
evieth@simonlawpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon attorneys of record.

  /s/    John Campbell