UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MCCALL and JAMES RAM, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:10-cv-00269-JAR |
| | ) | |
| MONRO MUFFLER BRAKE, INC., | ) | |
| d/b/a AUTOTIRE CAR CARE CENTER, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AM-PAC TIRE DIST. INC., | ) | |
| | ) | |
|     Defendants. | ) | |

DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR RECONSIDERATION

Plaintiffs' opposition (Doc. 113) advocates putting the "cart-before-the-horse":  ruling on class certifiability *first* and taking a close look at plaintiffs' individual claims *later*.  This approach ignores that class certifiability under Rules 23(a)(3) and (a)(4) depends upon the quality of the proposed class representatives' own individual claims.  For this and other reasons, federal courts commonly do not, as plaintiffs suggest, wait until after the class determination to assess the quality of the proposed class representative's own claims.  This is explained in Defendants' opening memorandum (Doc. 112) and plaintiffs' opposition challenges none of it.[1]

In fact, plaintiffs' opposition demonstrates a unique reason why, in this case, it is a

---

[1] Curiously, plaintiffs' opposition repeats their intention to file a pre-certification-determination motion for summary judgment of their own (Doc. 113, n. 1), when the case law presented in Defendants' opening memorandum (which plaintiffs do not dispute) clearly teaches that only *defendants'* but not *plaintiffs'* summary judgment motions are properly taken up before a certification determination.  Plaintiffs' repeated intention to file their own motion soon – like their opposition as a whole – is contrary to established federal class action procedure.

particularly good idea to conduct the summary judgment assessment on plaintiffs' individual claims before – or at the same time as – assessing class certifiability.  This is because plaintiffs have repeatedly shifted their theories of liability over the course of time, but conspicuously refuse to admit that they have done so.  Instead, as they again do in their latest opposition, plaintiffs accuse Defendants of "miss[ing] the entire point of Plaintiff's case" by moving for summary judgment on the various pled theories of liability.  (Doc. 113, p. 2).  In making this accusation, plaintiffs inaccurately imply that the pled theories were never asserted or were never important and chide Defendants for believing otherwise.  (*Id.*).

Plaintiffs cannot truly believe that Defendants have misunderstood their case. Defendants' Motion for Summary Judgment, as originally framed, faithfully tracks plaintiffs' allegations in the Third Amended Complaint ("Complaint").  A quick review of the Complaint confirms what this case, *as pled*, is supposed to be about:  **(1)** an allegedly hidden fee that is supposedly difficult to discover until after the service is performed and the payment is tendered (Doc. 54, ¶¶ 14, 15, 16, 17, 18, 35, 62, 71, 72(j), 72(k), 75(o), 77); **(2)** a written fee description that is allegedly deceptive because its use of the phrases "not to exceed 10%" and "may be included" allegedly imply inaccurately that the fee is tailored to each customer's particular vehicle (Doc. 54, ¶¶ 54, 61, 62, 63, 64, 65, 66); **(3)** charging a separate fee allegedly makes it hard for customers to compare prices with competitors' prices (Doc. 54, ¶¶ 69, 70); **(4)** charging a separate fee allegedly leads customers to believe that the charge is required by law (Doc. 54, ¶¶ 67, 73); **(5)** calculating the fee on a fixed percentage basis is allegedly unfair to all customers as a matter of law (Doc. 54, ¶¶ 13, 20, 22, 27, 53, 55, 56, 57, 59, 60, 62, 72(m), 75(n)); and **(6)** allegedly receiving "profit" through the fee violates a purported point of Missouri law  (Doc. 54,

¶¶ 19, 23, 24, 43(c), 58, 72(l), 74, 75(p)).[2]

Defendants' Motion for Summary Judgment, as originally framed, demonstrates how the two plaintiffs' own documents, deposition testimony and case law show that none of these six (6) theories of liability conceivably supports the individual claims of the two named plaintiffs. Plaintiffs do not contest this in any of their pending briefs; instead, they simply insist – as they do again in their latest opposition – that Defendants' Motion "misses the entire point of Plaintiffs' case."  (Doc. 113, p. 2).

The "entire point," according to plaintiffs, is the theory featured for the first time in their Motion to Certify.  It substitutes all of the six (6) *pled* theories of liability with the following new *unpled* theory:  *several of the allegedly "narrow" fee descriptions used by AutoTire over the years purportedly preclude it from counting its costs to acquire, transport, house and manage shop supplies as shop supply costs.*[3]

For their part, plaintiffs refuse to acknowledge that a substitution of theories has taken place and pretend as if the pled theories never existed or were never important.  They take this tack because of the procedural point that Defendants have made in each of its recently-filed briefs:  a substituted, unpled theory is *per se* unqualified for class certification.

Viewed from this vantage point, plaintiffs' assertion about a purported misunderstanding by Defendants reveals itself for what it is:  an effort by plaintiffs to finesse their way around their

---

[2] For additional discussion on these six theories, see the "Chronology of Pled Theories" section of Defendants' Reply in Support of the Motion for Summary Judgment.  (Doc. 108).

[3] The late substitution forced Defendants to file a supplemental opening brief for summary judgment that focuses exclusively upon plaintiffs' brand new theory as contradicted by their own deposition testimony and signed price estimates.  (Doc. 97).  Defendants' Reply in support of the Motion for Summary Judgment (Doc. 108) and their opposition to the Motion to Certify (Doc. 98) also focus upon plaintiffs' brand new theory.

procedural error.[4]  Moreover, their recent proposal to put the "cart-before-the-horse" (*i.e.,* asking the Court to defer taking a close look at how their *pled* theories evolved, dissolved and were replaced by a single new *unpled* theory that their own deposition testimony contradicts) is in keeping with that effort to finesse.

Defendants respectfully suggest that, under these circumstances, and pursuant to established federal class action practice as explained in their opening memorandum, that the Court reconsider its Order (Doc. 111) and take up Defendants' Motion for Summary Judgment before – or simultaneously with – plaintiffs' Motion to Certify.

Respectfully submitted,

By:/s/ Brian A. Lamping_____
    Robert J. Wagner, #46391MO
    Brian A. Lamping, #61054MO
    THOMPSON COBURN LLP
    One US Bank Plaza
    St. Louis, MO  63101
    314-552-6000
    314-552-7000 (fax)
    rwagner@thompsoncoburn.com
    blamping@thompsoncoburn.com

Attorneys for Defendants Monro Muffler Brake, Inc. and Am-Pac Tire Dist. Inc.

---

[4] Plaintiffs should have – but did not – introduce the new theory through a Rule 15 amendment to the Complaint.  Their failure to do so improperly and unfairly deprived Defendants of an opportunity to challenge the new theory through a Rule 12(b)(6) motion to dismiss for failure to state a claim.

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing was served, by filing with the Court using the CM/ECF electronic filing system on this the 16th day of May, 2012, upon all counsel of record:

                           /s/ Brian A. Lamping