UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN MCCALL and JAMES RAM, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:10-cv-00269-JAR |
| ) | |
| MONRO MUFFLER BRAKE, INC., ) | |
| d/b/a AUTOTIRE CAR CARE CENTER, ) | |
| ) | |
| and ) | |
| ) | |
| AM-PAC TIRE DIST. INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DEFER BRIEFING ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON PROPOSED CLASS CLAIM AND MEMORANDUM IN SUPPORT**

**INTRODUCTION**

Plaintiffs John McCall and James Ram (collectively, "Plaintiffs") filed their Motion for Summary Judgment on the proposed class claim ("the Motion") on May 24, 2012. (Doc. 119). Defendants ask that briefing on Plaintiffs' Motion be deferred as premature. As Defendants have pointed out in prior briefs and at last Thursday's hearing, federal case law makes it clear that due to concerns about "one-way intervention," a class action *plaintiff's* motion for summary judgment on the class claim is premature absent a ruling on class certifiability and the sending of any class notice. Plaintiffs acknowledged this, too, at last Thursday's hearing.[1]

---

[1] Importantly, as Defendants have pointed out in prior briefs and at last Thursday's hearing, federal case law distinguishes between a class action *plaintiff's* motion for summary judgment on the *class claim* (which should be deferred until after a ruling on class certifiability and any class notice) and a class action *defendant's* motion for summary judgment limited to *the named plaintiff's individual claim*. This distinction is why Defendants' pending Motion for Summary

In addition, pursuant to the Case Management Order entered in this case (Doc. 29), discovery up until now has been limited to class certification issues and the two named Plaintiffs' individual claims. Pursuant to this bifurcation (*i.e.*, "class" discovery before "merits" discovery), merits discovery on the proposed class claim is not set to start until after the Court rules on class certifiability. At that time, the parties are to meet and confer and propose a schedule for merits discovery. Doc. 29, ¶ 5. In observance of this discovery bifurcation, and especially given that Plaintiffs did not introduce the proposed class claim until after the close of class discovery, the parties have not yet exchanged any written, oral or expert witness discovery needed to brief Plaintiffs' Motion to conclusion, and thus a Rule 56(d) deferral is needed.

Here, the proposed class claim and Plaintiffs' Motion focus on the fiscal year 2011 shop supply cost study that Monro produced to Plaintiffs last December, plus deposition testimony concerning it.[2] Without having had the opportunity to explore through discovery the substantive basis for each of Plaintiffs' various objections to the study (many of which are presented in vague, conclusory terms), AutoTire is not yet in a position to file its opposition papers. Also, AutoTire anticipates identifying an expert witness to address the various accounting concepts embodied by the study. Moreover, at last week's hearing, plaintiffs likewise signified their intent to designate experts during the merits phase. Pursuant to the Case Management Order, no expert witness schedule has been set for the disclosure of merits experts. The scheduling for

---

Judgment is not procedurally premature. Also, Defendants filed that Motion in accord with the parties' agreement memorialized in paragraph 9 of the Joint Scheduling Plan. Pursuant to it: "motions for summary judgment … may be filed up to the filing of Plaintiff's class certification motion." (Doc. 27, ¶ 9).

[2] Plaintiffs' Motion does not address whether or how the class claim applies on a customer-by-customer basis; but instead, characterizes this question as an "issue of damages" for later resolution. [Plt. Mem., p. 12].

these matters would be negotiated as part of the meet-and-confer process called for after the Court's ruling on class certifiability. Doc. 29, ¶ 5.

For these reasons, and as set forth in detail below, this Court should defer briefing on Plaintiffs' Motion for Summary Judgment until after a ruling on Defendants' Motion for Summary Judgment, a ruling on Plaintiffs' Motion to Certify, the completion of merits discovery and any class notice.

## MEMORANDUM IN SUPPORT

**I. This Court Should Defer Briefing on Plaintiffs' Motion Until After a Ruling on Defendants' Motion for Summary Judgment, Class Certifiability and any Class Notice.**

As Plaintiffs acknowledged at last Thursday's hearing, their Motion for Summary Judgment on the Class Claim—unlike Defendants' pending Motion for Summary Judgment which is limited to the two named Plaintiffs' individual claims—is premature. A class action *plaintiff's* motion for summary judgment on class liability is premature absent class certification and any class notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974) (noting that district courts should not allow named plaintiffs to "obtain a[n advance] determination on the merits without any assurance that a class action may be maintained.").[3] Courts refuse to entertain such motions because of the doctrine of "one-way-intervention" that protects against absent class members waiting until a favorable ruling on the merits before deciding whether to opt-in or to opt-out of the class. *E.g., Nixon v. Costner Excavating, Inc.*, 2012 WL 1415530 (E.D. Ark. Apr. 24, 2012) (deferring the plaintiff's motion for summary judgment because of

---

[3] Defendants respectfully point out that such rule does not apply to their own pending Motion for Summary Judgment – as it is directed to the two named Plaintiffs' individual claims only and does not address the overall class claim. *See Weir v. Joly*, 2011 WL 6043024 (D. Or. Dec. 2, 2011) (a recent example of the district court proceeding with defendants' – but not plaintiff's – motion for summary judgment prior to ruling on class certifiability).

one-way intervention concerns); *Dege v. Hutchison Tech., Inc.*, 2007 WL 3275111, at *3 (D. Minn. Nov. 2, 2007) (deferring the plaintiff's motion for summary judgment because of the same concerns).

This established federal approach on proposed class claims (*i.e.,* taking them step-by-step and determining certifiability first and their merits second) also protects against needless expense and effort. If class certification is denied – or also here, if the named Plaintiffs' individual claims do not survive Defendants' Motion for Summary Judgment – then the needed scope of any future merits litigation would be dramatically curtailed or nullified. Thus, before putting Defendants to the task of briefing the merits of the proposed class claim (which Defendants cannot fully do now without the opportunity to take the needed discovery identified below), Defendants ask that they be allowed to wait and see, first, whether the named Plaintiffs' individual claims survive Defendants' Motion for Summary Judgment or if the proposed class claim survives the Court's Rule 23 review for class certifiability.

## II. This Court Should Defer Briefing on Plaintiffs' Motion Until After Merits Discovery for the Class Claim Is Taken.

Rule 56(d)—previously codified as Rule 56(f)—contemplates that summary judgment is only proper if the nonmovant has had adequate time for discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Rule 56(f) protects a party opposing a summary judgment motion who for valid reasons cannot by affidavit … present 'facts essential to justify the adverse party's opposition' to the motion." 10B Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane: Federal Practice and Procedure: 3d. § 2740 (1998). "To request discovery under Rule 56(f), a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful."

*LaFont v. State Farm Fire and Cas. Co.*, 2009 WL 1485332, at *1 (E.D. Mo. May 27, 2009) (granting Rule 56(f) motion where non-movant lacked the opportunity to discover facts about an investigation that were "essential" to its response to the motion). If the court is satisfied with the reasons presented in the Rule 56(d) affidavit as to why the party is not yet able to oppose the summary-judgment motion on the merits, the usual practice is to deny summary judgment without prejudice to the right to reapply at a later date. *Id.*; *Moore v. Kibbee*, 385 F.Supp. 765, 767 (E.D. N.Y. 1974). *See also* Fed. R. Civ. P. 56(d) ("A party who seeks relief under subdivision (d) may seek an order deferring the time to respond to the summary-judgment motion.") (2010 Advisory Notes).

As set forth in the Affidavit of Robert Wagner (attached hereto and incorporated herein as **Exhibit A**), this Court should grant Defendants' Rule 56(d) motion, deny Plaintiffs' Motion as premature and defer Defendants' obligation to respond to Plaintiffs' Motion until after appropriate discovery is taken. Plaintiffs' arguments rest upon a flawed interpretation of the fiscal year 2011 shop supply cost study produced by Defendant Monro, but Plaintiffs do not address the substance of any of the calculations or the 13 cost estimates that the study actually presents. Pls. Memo, at p. 1. Instead, Plaintiffs generically criticize some of the data inputs used in the study. For instance, Plaintiffs criticize Monro for considering "personnel cost" as a shop supply cost – as if Monro indiscriminately included all of its personnel costs in the study. In fact, the "personnel time" included in Exhibit I of the study is limited to costs incurred to pay shop managers and techs for maintaining the shop supply inventories needed at each of the 22 AutoTire retail locations around the St. Louis metropolitan area. Defendants need to take discovery to ascertain the substance of Plaintiffs' objection here. Do they dispute AutoTire's right to charge a shop supply fee for such costs? If so, why?

Another example is "bad debt." Plaintiffs criticize the study as if Monro included a large amount of irrelevant "bad debt" in the study. But Exhibit K of the study includes only $274 of bad debt – representing the very small amount of shop supply fees assessed, but never paid by the customer, most likely due to the bouncing of checks. Again, Defendants need to take discovery to ascertain the substance of any objection here.

Another example is "depreciation" expense. The lion's share of depreciation expense included in Exhibit C-1 of the study is that incurred for the use of the car lifts and the tire alignment machines in the repair bays to service vehicles. Do Plaintiffs really object that AutoTire charges a shop supply fee to cover such costs? If so, why?

To confirm the validity and logic of the accounting methodologies embodied by the cost study, and to rebut Plaintiffs' vague criticisms of it, Defendants anticipate disclosing an expert at the appropriate time and obtaining discovery from Plaintiffs on the substance of their criticisms. The latter will inform what kind of rebuttal expert analysis may be needed – on a cost estimate-by-cost estimate basis – to address Plaintiffs' criticisms. These efforts, presumably, will elicit admissions from Plaintiffs that some of their criticisms are not worth pursuing (like their attack on the inclusion of "furniture" expense, when the study actually includes only about $100 of such cost on a company-wide basis) or are factually baseless (like their erroneous assertions that "coffee" and "toilet paper" are included in the study) or were made without an understanding of the accounting approaches embodied by the study (like the one taken in Exhibit D of the study that uses a very small proportion of building "space"-related expenses to estimate how much cost AutoTire incurs to use a portion of each retail location for the storage of shop supplies). These efforts also would aim to impeach Plaintiffs' principal assertion in their Motion (made without any citation to the record or evidentiary submission) that AutoTire charges customers "at least 15

- 7 -

to 20 times any reasonable cost actually associated with shop supplies." Plt. Mem., p. 2. Defendants have no basis to know the origin of these unsupported figures. Are they just hyperbolic rhetoric and nothing more? Or are they based on an actual analysis? Defendants have a right to find out before responding to the Motion.

Pursuant to Federal Rule 56(d), this Court should deny Plaintiffs' Motion without prejudice to refiling the same after the parties complete merits discovery. In *Hoffman v. Tonnemacher*, 2005 WL 1383186, at *3 (E.D. Cal. June 2005), for example, the defendant moved for summary judgment before the plaintiff had an opportunity to complete fact discovery and retain an expert witness to provide medical opinion testimony in response to the arguments raised in the defendant's motion. The plaintiff filed a Rule 56(f) motion requesting the opportunity to conduct additional discovery before responding to the defendant's motion. The district court granted the motion, observing that "there remains a significant amount of discovery time under the scheduling order and expert medical evidence is necessary to evaluate [the evidence submitted by the plaintiff in support of its motion]." *Id*. at *3.

Here, the parties have not started the "merits" discovery on the class claim. Plaintiffs do not dispute this. As in *Hoffman*, Defendants need to conduct discovery on the proposed class claim before they can respond to Plaintiffs' Motion. As an additional example, Defendants have had no opportunity to depose the two named Plaintiffs on the proposed class claim (*i.e.,* that the fee descriptions allegedly misrepresent what AutoTire internally considers to be a shop supply cost). This is because Plaintiffs did not unveil the proposed class claim until after Plaintiffs were deposed and until after the close of class discovery.[4] In order to allow Defendants the

---

[4] As Defendants have pointed out in various recently-filed briefs, the proposed class claim is not pled in the Third Amended Complaint, and plaintiffs did not file a Rule 15 Motion to Amend the

opportunity to develop the appropriate factual record, as in *Hoffman* and pursuant to the Court's Case Management Order, this Court should deny Plaintiffs' Motion as premature pursuant to Federal Rule 56(d).

## **CONCLUSION**

For the foregoing reasons, this Court should defer briefing on Plaintiffs' Motion for Summary Judgment until after a ruling on Defendants' Motion for Summary Judgment, a ruling on Plaintiffs' Motion to Certify, the completion of merits discovery and any class notice.

Respectfully submitted,

By:/s/ Robert J. Wagner
    Robert J. Wagner, #46391MO
    Brian A. Lamping, #61054MO
    THOMPSON COBURN LLP
    One US Bank Plaza
    St. Louis, MO  63101
    314-552-6000
    314-552-7000 (fax)
    rwagner@thompsoncoburn.com
    blamping@thompsoncoburn.com

Attorneys for Defendants Monro Muffler Brake, Inc. and Am-Pac Tire Dist. Inc.

---

Complaint to add the class claim.  An unpled claim is *per se* unqualified to support a motion for summary judgment, to support a motion for class certification, or to oppose a motion for summary judgment.

- 9 -

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing was served, by filing with the Court using the CM/ECF electronic filing system on this the 18th day of June, 2012, upon all counsel of record:

       /s/ Robert J. Wagner