# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

JOHN MCCALL and JAMES RAM,    )
    )
    Plaintiffs,    )
    )
vs.    )   No. 4:10-cv-00269-JAR
    )
MONRO MUFFLER BRAKE, INC.,    )
d/b/a AUTOTIRE CAR CARE CENTER,    )
    )
and    )
    )
AM-PAC TIRE DIST. INC.,    )
    )
    Defendants.    )

## AFFIDAVIT OF ROBERT J. WAGNER

I, Robert J. Wagner, being duly sworn under oath, state as follows:

1. I am counsel of record for Defendants Monro Muffler Brake, Inc., d/b/a AutoTire Car Care Center, and Am-Pac Tire Dist. Inc. (collectively, "Defendants"), in the above captioned lawsuit. I am over 21 years of age and have personal knowledge of the facts set forth in this Affidavit.

2. In order to compile and submit Defendants' opposition to Plaintiffs' Motion for Summary Judgment on the proposed class claim (Doc. 119), examples of discovery needed by Defendants follow:

    a. In their Motion, Plaintiffs do not address the substance of any of the calculations or the 13 cost estimates presented in the fiscal year 2011 cost study produced by Monro that raise a genuine issue of material fact as to assertions in Plaintiffs' Motion. Representative examples of needed discovery include:

        i. Plaintiffs criticize Defendants for considering "personnel cost" to be a



EXHIBIT

A

shop supply cost. In fact, the personnel time included in Exhibit I of Monro's study is limited to costs incurred to pay shop managers and techs for maintaining the shop supply inventories needed at each of the 22 AutoTire retail locations around the St. Louis metropolitan area. Defendants need to take discovery to ascertain the substance of Plaintiffs' objection here.

ii.   Plaintiffs criticize Defendants for considering "bad debt" to be a shop supply cost. In fact, Exhibit K of the study includes only $274 of bad debt – representing the very small amount of shop supply fees assessed, but never paid by the customer, most likely due to the bouncing of checks. Defendants need to take discovery to ascertain the substance of any objection here.

iii.   Plaintiffs criticize Defendants for considering "depreciation" to be a shop supply cost. In fact, most of the depreciation expense included in Exhibit C-1 of the study is that incurred for the use of the car lifts and the tire alignment machines in the repair bays to service vehicles. Defendants need to take discovery to ascertain the substance of any objection here.

iv.   Similarly, Defendants need to take discovery to ascertain the substance of Plaintiffs' views or criticisms concerning each of the 13 estimated cost categories presented in Exhibits A, B, C, D, E, F, G, H, I, J, K, L and M of Monro's cost study.

v.   Plaintiffs' principal assertion in their Motion (made without any citation to the record or evidentiary submission) is that AutoTire charges customers

- 2 -

"at least 15 to 20 times any reasonable cost actually associated with shop supplies." Plt. Mem., p. 2. Defendants have no basis to know the origin of these unsupported figures. Defendants need to take discovery on this assertion before responding to the Motion.

vi. Plaintiffs at the class certification hearing signified their intent to name experts to support the class claim. Defendants will need to depose any such experts.

vii. Regardless of whether Plaintiffs disclose experts, Defendants anticipate disclosing an expert to confirm the validity and logic of the accounting methodologies embodied by Monro's cost study.

viii. Defendants have not yet taken discovery on any of the foregoing representative matters, or disclosed an anticipated expert, because such matters constitute "merits" discovery that, pursuant to the Case Management Order, is to be conducted after a ruling on class certifiability.

b. Defendants need to depose the two named Plaintiffs on the proposed class claim (*i.e.,* that the fee descriptions allegedly misrepresent what AutoTire internally considers to be a shop supply cost). This is because Plaintiffs did not unveil the proposed class claim until after Plaintiffs were deposed and until after the close of class discovery.

c. Plaintiffs have not yet explained whether or how Monro's cost study pertains to Am-Pac. Defendants will need to take discovery on this topic.

3. Defendants anticipate that the above-described discovery will produce evidence that will create a genuine issue of material fact as to the arguments raised by Plaintiffs in their

Motion.

FURTHER AFFIANT SAYETH NOT

_____
Robert J. Wagner

STATE OF MISSOURI          )
                           ) ss.
CITY OF ST. LOUIS          )

On June 18, 2012, before me appeared Robert J. Wagner, to me personally known, who being by me duly sworn, did state that the statements made herein are true to the best of his knowledge, information and belief.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix my official seal in the County and State aforesaid, the date and year written above.

_____
Notary Public

(SEAL)

JENNIFER L. BEDARD
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis City
My Commission Expires: July 6, 2015
Commission # 11210711

My commission expires: July 6, 2015

- 4 -