**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOHN MCCALL and JAMES RAM, ) | |
| ) | |
| Plaintiffs, ) | No. 4:10-CV-269 JAR |
| ) | |
| v. ) | |
| ) | |
| MONROE MUFFLER BRAKE INC. d/b/a ) | |
| AUTOTIRE CAR CARE CENTER, ) | |
| ) | |
| and ) | |
| ) | |
| AM-PAC TIRE DIST. INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Rule 59(E) Motion to Amend Court's Judgment of March 27, 2013, and Request for Oral Argument (ECF No. 129). This matter is fully briefed and ready for disposition.

**STANDARD OF REVIEW**

A district court has broad discretion in determining whether to grant a motion to alter or amend judgment. Fed.R.Civ.P. 59(e); see also United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir.2006). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Metro. St. Louis Sewer Dist., 440 F.3d at 933 (internal quotes omitted). The purpose of Rule 59 is to allow the district court "the power to rectify its own mistakes in the period immediately following the entry of judgment." Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir.1996) (quoting White

v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982)). A Rule 59(e) motion to alter or amend the judgment must show: "1) an intervening change in controlling law; 2) the availability of new evidence not available previously; or 3) the need to correct a clear error of law or prevent manifest injustice." Bannister v. Armontrout, 807 F.Supp. 516, 556 (W.D.Mo.1991), aff'd, 4 F.3d 1434 (8th Cir.1993).

Importantly, a motion to reconsider "cannot be used to raise arguments which could, and should, have been made before the trial court entered final judgment." Garner v. Arvin Indus. Inc., 77 F.3d 255, 258 (8th Cir.1996); see also Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir.1988) (stating that a Rule 59(e) motion should not "serve as the occasion to tender new legal theories for the first time")(internal quotes omitted); Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir.1998) (Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment").

**DISCUSSION**

In their Motion, Plaintiffs object to the Court's grant of summary judgment in favor of Defendants on the following bases: First, the Court made a ruling on the merits before full merits discovery even began. (ECF No. 137, p. 1). Second, the Court's holdings that Plaintiffs did not plead their theory and that Plaintiffs' theory is not legally cognizable conflict with this Court's decisive ruling on Defendants' motion to dismiss. (Id., p. 2). Third, the Court implied that if customers did not realize that Defendants' actions were unfair or deceptive, then those acts are not actionable. (Id., p. 3). Finally, the Court failed to consider sources of evidence that supported Plaintiffs' claim that the shop supply fee was not really for shop supplies at all. (Id., p.

4). Because these arguments do not satisfy the criteria under Rule 59 to alter or amend the judgment, the Court denies Plaintiffs' motion to alter or amend the judgment.

On March 27, 2013, this Court granted summary judgment in favor of Defendants and also granted Defendants' Motion for Reconsideration, which asked the Court to decide Defendants' Motion for Summary Judgment prior to Plaintiffs' Motion for Class Certification. The Court also denied Plaintiffs' Motion for Class Certification and Motion for Summary Judgment. The Court provided seven reasons for granting Defendants' Motion for Summary Judgment. (Defendants' Opposition to Plaintiff's Motion to Amend Judgment ("Response"), ECF No. 133), p. 2). Nevertheless, Plaintiffs filed a Rule 59(e) Motion to Amend, which, as discussed herein, is largely repetitious of Plaintiffs' prior arguments and/or arguments that should have been raised previously, but which are not dispositive of Plaintiffs' claims. Accordingly, the Court denies Plaintiffs' Motion to Amend without oral argument.

A. Timing of the Ruling

In their Motion, Plaintiffs contend that the Court improperly considered Defendants' Motion for Summary Judgment prior to ruling on Plaintiffs' Motion for Conditional Class Certification. (Plaintiffs' Memorandum in Support of Rule 59(E) Motion to Amend Court's Judgment of March 27, 2013, and Request for Oral Argument ("Memorandum"), ECF No. 130, pp. 3-6). Plaintiffs raised this issue before the Court in two prior briefs (ECF Nos. 110, 113) and they argued this issue before the Court at the June 14, 2012 hearing. (ECF No. 124). Thus, this issue is not ripe for a Rule 59 motion because it was previously raised before the Court.

Although the Court indicated, at one point, that it would take up the issue of class certification before the motion for summary judgment the motions were considered together at oral argument along with a motion for reconsideration, which the Court granted. In addition, the

Scheduling Order contemplates filing a motion for summary judgment "up to the filing of Plaintiff's class certification motion." (ECF No. 27, ¶9). Thus, Defendants' filing of the motion for summary judgment was timely under the case management order.

Finally, federal class action procedure allows a district court to decide a motion for summary judgment prior to deciding a plaintiff's motion for class certification. See <u>Schwend v. U.S. Bank, N.A.</u>, 4:10CV1590 CDP, 2013 WL 686592, at *2 (E.D. Mo. Feb. 26, 2013)(although it is true that Rule 23 requires class certification to be determined 'at an early practicable time,' Fed.R.Civ.P. 23, there is no absolute rule that it must be decided before considering a motion for summary judgment")(citing <u>Schweizier v. Trans. Union Corp.</u>, 136 F.3d 233, 239 (2nd Cir. 1998)).

Thus, the Court's grant of Defendants' Motion for Summary Judgment comports with the case management order and controlling law, both of which allow for deciding summary judgment before class certification. On these bases, the Court denies Plaintiffs' Motion to Amend.

B.  Unpled Theory

Likewise, Plaintiffs contend that the Court improperly found that Plaintiffs' liability theory was unpled and not found in the Third Amended Complaint. (Memorandum, pp. 8-9). Again, this matter was presented to the Court by Plaintiffs in several briefs. (ECF No. 103, 110, 113). The parties also argued this point during the June 14, 2012 hearing. (ECF No. 124). Hence, the Court finds that Plaintiffs' argument on this point merely regurgitates their previous arguments and is not proper for a Rule 59 motion. The Court denies Plaintiffs' motion to amend on that ground.

C.  Proof of Unfair or Deceptive Practices

Plaintiffs argue that the Court improperly determined that Plaintiffs' misrepresentation claims failed because they did not review the challenged fee disclosures. (Memorandum, pp. 9-13). That is, Plaintiffs claim that this Court improperly employed a "proximate cause" test. Plaintiffs assert that the Missouri Merchandise and Practices Act ("MMPA") does not require reliance and, therefore, Plaintiffs need not show that they read the misrepresentation in order to allege claims for misrepresentation.

Initially, as noted by Defendants, Plaintiffs waived this argument when they failed to address it in their opposition to Defendants' Motion for Summary Judgment. (Response, p. 7). More importantly, Plaintiffs' argument misstates the law. Even if Plaintiffs do not have to prove reliance, Missouri law requires a causal relationship between the misrepresentation and the injury. See Mo. Rev. Stat. §407.025.1 (claimed loss must be "as a result" of a misrepresentation). Because Plaintiffs did not see the alleged misrepresentation, there can be no causal connection and any loss cannot provide the basis of a claim under the MMPA.[1]

D. Other Sources of Evidence

Finally, Plaintiffs claim that they were not afforded the opportunity to obtain "merits" discovery, only class discovery. Plaintiffs assert that they were "blindsided" by the Court's granting of Defendants' Motion for Summary Judgment and did not conduct "discovery on the effectiveness of Defendant's disclosures, why those disclosures were inconsistent with one another, how employees were trained on explaining the 'shop supply fee,' evidence indicating whether or not Defendant's [sic] disclosures would be noticed, etc." (Memorandum, pp. 6-7). Plaintiffs claim that, if the class had been certified, then they would have obtained an expert

---

[1] Likewise, Plaintiffs' argument regarding the breadth of the MMPA does not support reconsideration of the Court's Order. Plaintiffs merely outline the statute's requirements, which do not change the Court's analysis.

psychologist (referred to as a "human factors expert"), who would have conveyed to the jury why the shop supply fee had "all the markers of being designed to go unquestioned, to slide under consumer radar." (Memorandum, p. 7).  Plaintiffs claim that they have a "legal right to this discovery, and a legal right to present it to this Court before being tossed out."

The Court disagrees.  In its Order, the Court provided ample reasons why Plaintiffs failed to state claims for relief as a matter of law.  These reasons would not change if Plaintiffs were permitted to conduct additional merits discovery.  For example, no merits discovery would change the fact that neither of the named Plaintiffs reviewed the fee disclosures prior to purchase.  That is, Plaintiffs' proposed human factors expert would not have a bearing on the Court's dismissal of Plaintiffs' misrepresentation claim due to the lack of proximate cause.

In addition, the Court also held in its summary judgment Order that Defendants would not be liable even if they charged a fee that included a profit.  Although Plaintiffs claim that this determination is erroneous, Plaintiffs again provide no citations to contradict this holding.  In addition, Plaintiffs do not identify any "merits" discovery that would cause this Court to change its holding.

Thus, Plaintiffs' proposed "merits" discovery would not affect the Court's stated reasons for granting Defendants' Motion for Summary Judgment and, therefore, would not alter the outcome of the Court's Order.  See Grawitch v. Charter Commc'ns, Inc., 4:12CV01990 AGF, 2013 WL 880078, at *1 (E.D. Mo. Mar. 8, 2013)(denying a Rule 59 motion because "[i]n any event, the other grounds relied upon by the Court fully support the dismissal against both Plaintiffs").

In addition, the Court finds Plaintiffs' claim that it did not have an opportunity to conduct necessary merits discovery to be specious.  The Court first notes that Plaintiffs filed their own

Motion for Summary Judgment, wherein they represented to the Court that they were entitled to judgment as a matter of law. Plaintiffs' Motion for Summary Judgment indicated that no further factual discovery was needed, "There is no guesswork to this case. Plaintiffs' statement of undisputed facts and the MPA dictate the result." (ECF No. 120, p. 1). Thus, Plaintiffs' own prior representations that the case was ripe for summary judgment contravene their current position that further factual discovery is necessary.

Lastly, if Plaintiffs had believed that additional factual discovery was necessary to oppose Defendants' Motion for Summary Judgment, then Plaintiffs should have filed a Rule 56(d) affidavit.[2] Here, Defendants filed their Motion for Summary Judgment on March 2, 2012. Plaintiffs filed their Memorandum in Opposition to Defendants' Motion for Summary Judgment (ECF No. 100) on April 2, 2012, and did not mention any need for additional merits discovery. It was not until May 7, 2012, that Plaintiffs asked the Court to defer ruling on Defendants' Motion for Summary Judgment. (ECF Nos. 109, 110). However, even in that motion, Plaintiffs did not identify any matters that required additional discovery, nor did they file a Rule 56(d) affidavit. (Id.). Based upon this series of events, the Court finds that Plaintiffs' new need for merits discovery is not a sufficient basis for altering its prior Order and Judgment. The Court concludes that Plaintiffs' argument that they were denied the opportunity for additional discovery is without merit.

---

[2] Fed.R.Civ.P. 56(d) provides:
When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Rule 59(E) Motion to Amend Court's Judgment of March 27, 2013, and Request for Oral Argument [129] is **DENIED**.

Dated this 8th day of July, 2013.

*[signature: John A. Ross]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**